Order Form (01/2005)

# United States District Court, Northern District of Illinois

M H N

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 936 | DATE | 7/29/2010 |
| CASE TITLE | Ortiz vs. Elgin Sweeping Services, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant's Motion to Dismiss [6] is denied as to Count I, Discrimination: Discharge, and granted as to Count II, Failure to Accommodate. Status hearing set for October 29, 2010, at 10:30 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On February 10, 2010, Plaintiff Victor Ortiz ("Ortiz") filed suit against Defendant Elgin Sweeping Services, Inc. ("ESS") pursuant to the Americans with Disabilities Act ("ADA"). Ortiz's Complaint alleges the following facts: beginning May 9, 2007, ESS employed him as a "sweeper operator;" on June 10, 2009, ESS instructed him to undergo a physical examination at ESS's expense; the physical revealed that he suffered from diabetes; ESS terminated his employment that same day as a result of that diagnosis. Ortiz's Complaint contains Counts of Discrimination: Discharge and Failure to Accommodate. ESS filed its Motion to Dismiss on April 12, 2010. The Motion is fully briefed and before the Court.

In deciding a Rule 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp., 176 F.3d 971, 977-78 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999); see Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). When reviewing a motion to dismiss under Rule 12(b)(6), the court therefore merely looks at the sufficiency of the complaint, Swierkiewicz, 534 U.S. at 508; it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chicago, 230 F.3d 319, 323-26 (7th Cir. 2000).

The court recognizes, however, that the "old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the Bell Atlantic decision." Limestone Dev. Corp. v. Vill. of Lamont, 520 F.3d 797, 803 (7th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007)). Following Bell Atlantic, a complaint will survive a motion to dismiss only when the complaint "contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." Limestone Dev. Corp., 520 F.3d at 802-03. The Seventh Circuit has articulated two hurdles that must now be overcome for a complaint to survive a 12(b)(6) motion to dismiss. E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (interpreting Bell Atlantic). First, the complaint must describe the claim in

sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which the claim rests. Id. Second, the allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a "speculative level;" if they do not, the plaintiff pleads itself out of court. Id.

In this case, ESS asserts that Ortiz has pled himself out of court by alleging that he was unable to perform his duties after June 10, 2010 without reasonable accommodations from ESS. In the alternative, ESS asserts that Ortiz's Failure to Accommodate Count should be dismissed because it is outside the scope of his EEOC charge.

As to ESS's first assertion, the Court finds that Ortiz has not pled himself out of court. ESS essentially asks the Court to make a factual finding, based on nothing more than the allegations in the Complaint, that Ortiz is not disabled under the ADA. The Court declines to make such a finding at this stage of the litigation. "[A] determination of disability must be made on an individualized, case-by-case basis. Whether a substantial limitation upon a major life activity exists depends upon an analysis of 1) the nature and severity of the impairment, 2) the duration of the impairment, and 3) the permanent or long-term impact of the impairment . . . Such a fact-based inquiry and determination is not generally motion to dismiss territory." Homeyer v. Stanley Tulchin Assocs., 91 F.3d 959, 962 (7th Cir. 1996) (internal citations omitted). It is possible that upon the submission of evidence, it may be the case that Ortiz's diagnosis of diabetes does not rise to the level of a disability under the ADA, but the Court cannot say at this point that it would be impossible for Ortiz to show that he is disabled. See id. Given the temporal proximity between ESS's discovery of Ortiz's alleged disability and his termination, the Court also cannot say at this point that it would be impossible for Ortiz to show that ESS terminated him because of that alleged disability. See Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chi., 104 F.3d 1004, 1014 (7th Cir. 1997) ("suspicious timing does constitute circumstantial, or indirect evidence to support a claim of discrimination."); but see Foster v. Arthur Andersen, LLP, 168 F.3d 1029, 1034 (7th Cir. 1999) (even though temporal proximity is evidence of discrimination, it is not, standing alone, enough to survive a motion for summary judgment). The Court therefore finds that Ortiz has plausibly alleged that (1) he is disabled under the ADA and (2) ESS discharged him because of his disability. See Concentra Health Serv., Inc., 496 F.3d at 776.

ESS's second assertion, however, gains more traction. The allegations in Ortiz's EEOC charge read in their entirety as follows: "On or about May 9, 2007, I began my employment with the Respondent. My most recent position was Sweeper Operator. During my tenure, I was subjected to different terms and conditions of employment. On June 10, 2009, I was discharged. I believe that I was discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990, as amended." ESS correctly asserts that Ortiz's EEOC charge does not mention ESS's alleged failure to accommodate his disability.

An ADA plaintiff may not bring a claim in the district court that he or she did not raise in his or her EEOC charge "unless the claim is reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised." Green v. National Steel Corp., 197 F.3d 894, 898 (7th Cir. 1999). Failure to accommodate claims are as a matter of law separate and distinct from discriminatory discharge claims – these claims are therefore not reasonably related to one another, nor is it expected that one of these claims would develop from an investigation into the other. Id. Since Ortiz has not raised his failure to accommodate claim in his EEOC charge, that claim is therefore dismissed with prejudice.

ESS's Motion to Dismiss is thus denied as to Count I, Discrimination: Discharge, and granted as to Count II, Failure to Accommodate.