# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR ORTIZ, | ) | |
| | ) | 10 C 0936 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ELGIN SWEEPING SERVICES, INC. | ) | Hon. Charles R. Norgle |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Victor Ortiz ("Ortiz") sues Defendant Elgin Sweeping Services, Inc. ("Elgin") under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (the "ADA") for discrimination on the basis of disability. Elgin moves for summary judgment, which Ortiz opposes. For the reasons discussed below, summary judgment is entered in favor of Elgin.

## I. INTRODUCTION

### A. Facts[1]

Between May 9, 2007, and June 10, 2009, Ortiz was employed by Elgin as a Sweeper Operator, a position that required him to operate commercial street sweeping vehicles on interstate highways. Elgin Sweeper Operators are required at all times to possess a valid commercial driver's license ("CDL"). The Federal Department of Transportation ("DOT") has promulgated various regulations for CDL's ("DOT

---

[1] The Court takes the factual background from Elgin's Statement of Undisputed Material Facts pursuant to Local Rule 56.1. Ortiz does not file a Local Rule 56.1 Response and concedes that Elgin's Local Rule 56.1 Statement is "accurate." Pl.'s Resp. to Def's Mot. for Summ. J. ¶ 5. The facts as set forth in Elgin's statement are therefore deemed admitted. See, e.g., Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.").

1

Regulations"), which the State of Illinois has adopted in full under the Illinois Motor Carrier Safety Law. See 625 ILCS 5/18b-105(e). The DOT Regulations require, *inter alia*, that all drivers of commercial vehicles be medically examined and certified as physically qualified to operate a commercial motor vehicle every two years. 49 C.F.R. §§ 391.41, 391.45.

To ensure compliance with DOT Regulations, Elgin arranges for its Sweeper Operators to receive DOT physicals every two years. On May 4, 2007, Ortiz was examined by a physician and received a Medical Examiner's Certificate stating that he was qualified to operate commercial vehicles in accordance with DOT Regulations. On or about May 15, 2007, Ortiz received and agreed to familiarize himself with the DOT Regulations governing his employment as a Sweeper Operator with Elgin. Ortiz knew that, in order to be qualified as a Sweeper Operator, he was required to possess a valid CDL and undergo a medical examination every two years.

Ortiz's commercial vehicle certification expired on May 4, 2009. Between May 4, 2009 and June 10, 2009, Ortiz was on unpaid leave from Elgin due to an injury unrelated to this case. Before returning to work as a Sweeper Operator, Ortiz was required to renew his DOT certifications. Thus, when Ortiz returned to work on June 10, 2009, he underwent a DOT mandated physical examination. At the examination, which took place at Concentra Medical Centers, 2145 S. Ashland, Ste. 110, Chicago, IL 60608, Ortiz was diagnosed with diabetes. His medical certification to renew his CDL was not granted.

On June 10, 2009, Elgin received a copy of the Concentra Medical Examination Report for Commercial Driver Fitness Determination. On the same day, after learning

2

that he did not obtain a Medical Examiner's Certificate, Elgin terminated Ortiz's employment. Ortiz admits that, from the time his CDL expired on May 4, 2009, through and including June 10, 2009, he was "not medically certified to perform [his] duties as a Sweeper Operator for Elgin" and that he "could not perform the essential functions of [his] Sweeper Operator position at Elgin." Def.'s Local General Rule 56.1(a) Statement ¶¶ 22-23.

**B. Procedural History**

On or about July 2, 2009, Ortiz filed a charge of discrimination against Elgin with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights. On or about January 20, 2010, the EEOC issued Ortiz a Notice of Right to Sue, informing him of his right to proceed against Elgin in federal court. On February 10, 2010, Ortiz filed the instant two-count ADA complaint, alleging wrongful discharge and failure to accommodate. Because the EEOC charge did not mention Elgin's alleged failure to accommodate, this Court dismissed Ortiz's accommodation claim with prejudice on July 29, 2010. Elgin now moves for summary judgment on the wrongful discharge claim.

## II. DISCUSSION

**A. Standard of Decision**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the record and draws all reasonable inferences in the light most favorable to the nonmoving party. Zerante v. DeLuca, 555 F.3d 582, 584 (7th Cir. 2009). The court does not "make credibility determinations, weigh the

3

evidence, or decide which inferences to draw from facts." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003) (citation omitted).

To survive a motion for summary judgment, the non-moving party must identify "with reasonable particularity" the evidence in the record that shows a genuine triable dispute of material fact. Hemsworth, II v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007); Murphy v. ITT Technical Servs., Inc., 176 F.3d 934, 936 (7th Cir. 1999). The movant will prevail where the record as a whole demonstrates that "a rational trier of fact could not find for the non-moving party." Turner v. J.V.D.B. & Assocs., Inc., 330 F.3d 991, 994 (7th Cir. 2003). In ADA cases, "[a] plaintiff seeking to avoid summary judgment must demonstrate that there is at least a genuine issue of material fact as to whether he is disabled, whether he can perform the essential functions of the position, and whether he has suffered an adverse employment action because of his disability." Kupstas v. City of Greenwood, 398 F.3d 609, 611 (7th Cir. 2005).

## B. Elgin's Motion for Summary Judgment

Elgin argues that Ortiz was not protected by the ADA when he was fired on June 10, 2009 because, on that date, he was not qualified to perform the essential functions of a Sweeper Operator. Elgin alleges that Ortiz was not qualified to perform such functions because he did not possess a DOT-certified CDL, which was a legal prerequisite for all Sweeper Operators. Ortiz admits that, from May 4, 2009, through and including June 10, 2009, he could not perform the essential functions of a Sweeper Operator.

Ortiz opposes summary judgment on the ground that it is "premature" because "full and fair discovery has yet to be completed." Pl.'s Resp. to Def's Mot. for Summ. J. ¶ 4. Ortiz alleges that "several theories of why [Elgin] would have terminated Mr. Ortiz

can only be fully investigated through the complete process of discovery." Id. ¶ 9. Ortiz states, for example, that there are "[q]uestions of material fact concerning Mr. Ortiz's qualifications for ADA protection" such as whether Elgin took "advantage of a pretextual opportunity to terminate Mr. Ortiz upon the diagnosis of his disability?" Id. ¶ 10.

### *1. Elgin's Motion for Summary Judgment is not Premature*

Ortiz's prematurity argument is without merit. A party may file a summary judgment motion "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "The fact that discovery is not complete – indeed, has not begun – need not defeat the [summary judgment] motion." Am. Nurses' Ass'n v. State of Ill., 783 F.2d 716, 729 (7th Cir. 1986); see also Hare v. Custable, No. 07 CV 3742, 2009 WL 3647045, at *4-5 (N.D. Ill. Aug. 31, 2009) ("There is no requirement that a party wait to seek summary judgment until after discovery has been completed."). Initially, the Court notes that Ortiz failed to propound any discovery requests on Elgin between February 10, 2010 and December 1, 2010 as well as failed to respond to Elgin's Request for Admission, served on or about September 2, 2010. Further, Ortiz does not seek additional discovery under the specific procedures set forth in Rule 56(d). Under Rule 56(d), when a party thinks it needs additional discovery in order to oppose a summary judgment motion, it may "move for a continuance and submit an affidavit explaining why the additional discovery is necessary." Deere & Co. v. Ohio Gear, 462 F.3d 701, 706 (7th Cir. 2006). When the non-moving party fails to submit a Rule 56(d) affidavit but nevertheless claims that it cannot oppose the motion for summary judgment because discovery is incomplete, "it [is] not an abuse of discretion by the district court to rule on [a] motion for summary judgment before [that party is] satisfied that all necessary discovery ha[s] occurred."

5

First Nat'l. Bank & Trust Corp. v. Am. Eurocopter Corp., 378 F.3d 682, 694 (7th Cir. 2004). In light of Ortiz's failure to seek any discovery over the course of ten months, as well as his failure to present an affidavit in accordance with Rule 56(d) explaining why additional discovery is needed, summary judgment is not premature. In any event, no additional discovery is needed because the undisputed facts support summary judgment.

### 2. *Ortiz is not a Qualified Individual Under the ADA*

Under the ADA, covered employers are prohibited from discriminating "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). Thus, "the ADA's proscription against employment discrimination protects only the class of persons who are 'qualified individuals with a disability.'" Nowak v. St. Rita High Sch., 142 F.3d 999, 1002 (7th Cir. 1998). As part of Ortiz's prima facie case, he must establish that he is a member of that class. Id.

A "qualified individual with a disability" is defined as an individual who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Our inquiry into whether Ortiz was qualified to perform the essential functions of a Sweeper Operator involves a two-step analysis. Bay v. Cassens Transp. Co., 212 F.3d 969, 974 (7th Cir. 2000). First, the Court considers whether "the individual satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, *licenses*, etc." Id. (citing 29 C.F.R. app. § 1630.2(m)) (emphasis added). Only if the individual satisfies the prerequisites do we consider whether he "can perform the essential functions of the position held or desired, with or without reasonable accommodation." Id. "Whether or not an individual meets the

definition of a qualified individual with a disability is to be determined as of the time the employment decision was made." Id.

Elgin argues that, under step one of the above analysis, Ortiz did not satisfy the prerequisites for a Sweeper Operator because he did not possess the appropriate license on June 10, 2009, the "time the employment decision was made." Ortiz, despite admitting that he could not perform the essential functions of his job on June 10, 2009, disputes Elgin's contention. Elgin is correct.

"The Seventh Circuit and courts within this district have held, in cases involving other ADA plaintiffs who failed to obtain DOT certification, that an individual is not a qualified individual under the ADA if he or she cannot obtain DOT certification for a job that requires such certification." Green v. Pace Suburban Bus, No. 02 C 3031, 2004 WL 1574246, at *11 (N.D. Ill. July 12, 2004) (citing Bay, 212 F.3d at 974-75; Jones v. Roadway Express, Inc., No. 01-6213, 2003 WL 76868, at *6 (N.D. Ill. Jan. 8, 2003); Prado v. Cont'l Air Transp. Co., Inc., 982 F. Supp. 1304, 1308 (N.D. Ill. 1997); Long v. Chi. Transit Auth., 979 F. Supp. 1214, 1217-18 (N.D. Ill 1997)). This holding is consistent with the legislative history of the ADA; as the Supreme Court has explained, "[t]he Senate Labor and Human Resources Committee Report on the ADA stated that 'a person with a disability applying for or currently holding a job subject to [DOT standards for drivers] must be able to satisfy these physical qualification standards in order to be considered a qualified individual with a disability under title I of this legislation.'" Albertson's, Inc. v. Kirkinburg, 527 U.S. 555, 573 (1999) (quoting S.Rep. No. 101-116, pp. 27-28 (1990)).

Ortiz failed to satisfy DOT's physical qualification standards and therefore was not a "qualified individual with a disability" under the ADA on the day he was terminated. Consequently, Ortiz fails to establish that he is protected under the ADA. See, e.g., Bay, 212 F.3d at 974 (holding that, in light of DOT standards, plaintiff's "failure to obtain DOT certification is fatal to his ADA claim"); Prado, 982 F. Supp. at 1308 ("Since [plaintiff] failed to obtain the required DOT certification, he was never qualified for the position of driver . . . [and could not] claim that he was unlawfully denied employment for a position which he was never qualified to perform."); Long, 979 F. Supp. at 1217 (finding that a plaintiff who fails to satisfy DOT prerequisites "cannot meet the definition of a 'qualified individual with a disability'"); Jones, 2003 WL 76868, at *6 (dismissing ADA suit of a driver that could not obtain DOT medical certification).

To the extent that Ortiz alleges that Elgin used the DOT license requirements as a pretext for discrimination on the basis of his diabetes, this argument is without merit. First, after over eight months of discovery, Ortiz cannot point to any evidence that Elgin acted in bad faith or with discriminatory intent. Second, even if Ortiz could point to such evidence, it would not change the result. Under the ADA, even when presented with evidence of discriminatory intent, "the employer avoids all liability if the plaintiff would have been fired because [he was] incapable of performing the essential functions of the job, and the burden of proof on the issue of capability is not on the employer but on the plaintiff." Miller v. Ill. Dept. of Corrs., 107 F.3d 483, 484 (7th Cir. 1997). This is so because "the provisions of the ADA relating to employment protect only a 'qualified individual.'" Id. at 485. The Seventh Circuit concluded in Miller that the employer "may have fired [plaintiff] for an improper purpose, but if [plaintiff] can't perform the essential

functions of her job, so that she would have been fired anyway, there has been no violation of the [ADA] and [plaintiff] has no right to relief." Id. So too here. As explained above, there is no dispute that, on June 10, 2009, Ortiz could not perform the essential functions of his job.

### III. CONCLUSION

Ortiz fails to demonstrate that there is a genuine dispute of material fact as to whether he could perform the essential functions of his position on the date that he was terminated. No rational trier of fact on this record could find for Ortiz. Summary judgment is therefore entered in favor of Elgin.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge

United States District Court

DATED: May 17, 2011